TODD A. ROBERTS (SBN 129722)
ROPERS MAJESKI PC
1001 Marshall Street, Suite 500
Redwood City, CA 94063-2052
Telephone: (650) 364-8200
Facsimile: (650) 780-1701
Email: todd.roberts@ropers.com

Attorneys for Defendant
STATE FARM GENERAL INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA YAMAGUCHI, an individual; and ADOLFO CASTELLON, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>STATE FARM GENERAL INSURANCE COMPANY and Does 1 through 25,<br><br>Defendants. | CASE NO.<br><br>[Marin County Superior Court Action No. CIV2102396]<br><br>**DEFENDANT STATE FARM GENERAL INSURANCE COMPANY'S PETITION FOR REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441(b) and 1446 [DIVERSITY JURISDICTION]**<br><br>**DEMAND FOR JURY TRIAL**<br>**[Fed. R. Civ. Proc., Rule 38(a)]** |

TO PLAINTIFFS LAURA YAMAGUCHI AND ADOLFO CASTELLON, THEIR COUNSEL OF RECORD, AND THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant STATE FARM GENERAL INSURANCE COMPANY (hereinafter "State Farm") hereby removes to this Court the State Court action described below:

1. On July 29, 2021, Plaintiffs LAURA YAMAGUCHI and ADOLFO CASTELLON (hereinafter "Plaintiffs") filed a civil Complaint for Damages against State Farm in Marin County Superior Court, Case No. CIV2102396. The Complaint alleges causes of action for declaratory relief, breach of contract and breach of the implied covenant of good faith and fair dealing. True and correct copies of the Notice of Service of Process, Summons, Complaint, are

1  attached as Exhibit "A" to the Declaration of Todd A. Roberts.

2      2.    The Summons and Complaint were served on Corporation Service Company
3  ("CSC"), State Farm's designated agent for service of process in California, on August 3, 2021.

4      3.    Plaintiff brings an action for "damages" against State Farm in connection with an
5  insurance claim arising out of damage caused by a tree collapsing on their single-family home,
6  and the associated loss of use and cost of repair. (Complaint ¶ 8.) The property is located in
7  Nicasio, California. (*Id.*) By their Complaint, Plaintiffs seek damages, attorney's fees, and
8  punitive damages. (Complaint ¶¶ 14, 40, 44, 47, 48, 49 and "prayer for relief.") Plaintiffs claim
9  coverage for Additional Living Expenses ("ALE") alone is in the approximate amount of
10 $300,000. Total claim benefits sought, for which State Farm denies liability, is in the amount of
11 $882,119.78 as demanded by Plaintiffs' counsel of record herein to State Farm by letter dated
12 July 29, 2022, the very same day the complaint was filed. (Declaration of Roberts, ¶ 4.)

13     4.    A civil action brought in a State Court of which the Federal Court has original
14 jurisdiction may be removed to the District Court for the District embracing the place where such
15 action is pending. (28 U.S.C. § 1441(a). Federal Courts have jurisdiction over controversies
16 between "citizens in different states" pursuant to 28 U.S.C. § 1332(a)(1) and Article III, Section
17 2, of the United States Constitution.

18     5.    Diversity jurisdiction, including the amount in controversy, is determined at the
19 time of removal (*Kenneth Rothschild Trust v. Morgan Stanley Dean Witter* (1999) F.Supp.2d 993,
20 1000 (C.D. Cal. 2002.)

21     6.    Plaintiffs reside in the County of Marin, State of California. (Complaint, ¶ 2.)
22 Defendant State Farm is a corporation organized and existing under the laws of the State of
23 Illinois and having its principal place of business in the State of Illinois. State Farm is the only
24 Defendant that has been named and served with Summons and Complaint in this action. (Exhibit
25 "B", California Secretary of State Record, is attached to the Declaration of Todd A. Roberts.)

26     7.    The amount in controversy calculation considers general/non-economic damages
27 and special/economic damages. (*Richmond v. Allstate Insurance Company* 897 F.Supp. 447, 449-
28 450 (S.D. Cal. 1995.) In measuring the amount in controversy, the court must assume that the

1  allegations of the Complaint are true and that a jury will return a verdict for the Plaintiffs on all
2  claims made in the Complaint.  (*Jackson v. American Bankers Insurance Company of Florida*
3  976 F.Supp. 1450, 1454 (S.D. Al. 1997); see also *Kenneth Rothschild Trust, supra,* 199
4  F.Supp.2d at p. 1001.)
5        8.      By their Complaint, Plaintiffs allege that State Farm has breached their
6  homeowner's policy of insurance by, among other things, failing or refusing to pay benefits they
7  contend are due and owing by State Farm.  Based on communications with their counsel of record
8  in this litigation, Plaintiffs seek damages well in excess of $75,000, consisting of insurance policy
9  benefits allegedly due totaling $882,119.78, plus attorney's fees incurred in prosecuting this
10 action, and punitive damages.
11       9.      A claim for attorney's fees is included in determining the amount in controversy,
12 regardless of whether the fee award is mandatory or discretionary.  (*Galt G/X v. JSS Scandanavia*
13 142 F.3d 1150, 1155-1156 (9th Cir. 1999); *Conrad & Associates v. Hartford Accident and*
14 *Indemnity Company* (N.D. Cal. 1998) 994 F.Supp. 1196, 1199.)  The alleged attorney's fees
15 should be considered as an element of the amount in controversy in the case.
16       10.      This is a civil action over which this Court has original jurisdiction under 28
17 U.S.C. § 1332 and which may be removed to this Court by State Farm pursuant to the provisions
18 of 28 U.S.C. §§ 1441(b) and 1446 because the amount in controversy exceeds $75,000 and there
19 is complete diversity of citizenship between Plaintiffs and State Farm.
20       11.      This Petition for Removal is timely because it was filed within 30 days of the
21 action becoming removable, and within one year after commencement of the action.  (28 U.S.C.
22 § 1446(c)(1).
23       12.      A true and correct copy of this Petition for Removal shall be contemporaneously
24 filed in the office of the clerk for the Superior Court of the County of Marin at the earliest
25 moment that filing is possible.
26 ///
27 ///
28 ///

DEFENDANT'S PETITION FOR REMOVAL OF CIVIL ACTION

| | | |
|---|---|---|
| 1 | Dated: September 2, 2021 | ROPERS MAJESKI PC |

By: */s/ Todd A. Roberts*
TODD A. ROBERTS
Attorneys for Defendant
STATE FARM GENERAL INSURANCE COMPANY

## **DEMAND FOR JURY TRIAL**

Defendant State Farm hereby demands a trial by jury pursuant to Fed. R. Civ. Proc. 38(a).

Dated: September 2, 2021     ROPERS MAJESKI PC

By: /s/ Todd A. Roberts
TODD A. ROBERTS
Attorneys for Defendant
STATE FARM GENERAL INSURANCE COMPANY